Argued May 24, affirmed as modified June 13, 1977

In the Matter of the Marriage of
OSTGARD, *Appellant,*
*and*
OSTGARD, *Respondent.*
(No. CC76-293, CA 7215)
565 P2d 398

Brian E. Jeanotte, Portland, argued the cause for appellant. With him on the brief was George R. Waldum, Portland.

No appearance for respondent.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

Thornton, P. J., dissenting opinion.

## JOHNSON, J.

The wife appeals the property division and child support provisions of the dissolution of marriage decree.

The parties were married 20 years and have twin daughters, age 16. The wife, age 46, is employed as a receptionist-secretary and has a net income ranging from $426 to $560 per month. The husband, age 54, is a mechanic. His annual gross income ranges from $12,000 to $15,500. He has been periodically unemployed apparently due in part to certain physical problems.

Prior to consulting counsel the parties agreed between themselves as to the division of property, which included a residence, savings bonds and accounts, a land sale contract and miscellaneous personal property. The agreement gave the wife assets, including the residence, having a value of approximately $37,000. The husband's share had a value of approximately $18,000. The agreement made no provision for spousal or child support which presumably accounts for the wife getting the larger share. Subsequently the parties jointly consulted with an attorney who suggested that the agreement include the following provisions: that the husband pay child support of $100 per child per month for the balance of 1975 and $200 per child per month thereafter until the children reach age 22, marry, or become emancipated; that the husband maintain and not encumber medical insurance for the children and life insurance with them as beneficiaries until they reach age 22; and that the husband claim the children as tax exemptions so long as he makes support payments. The parties agreed to these provisions while in the attorney's office. These provisions were reduced to a written agreement which was submitted to the court with the parties' co-petition for dissolution.

Prior to trial each party retained separate counsel. The husband's position at trial was that the agreement

was unfair and therefore should not in toto be incorporated into the decree. He argued that it was executed at a time when he was both emotionally upset and uninformed of his legal rights and obligations.

The trial court's decree altered the agreement primarily by reducing child support to $115 per month per child and awarding the husband a 40 percent undivided interest in the residence as a tenant in common.

On appeal the wife's principal argument is that the agreement between the parties should have been adopted by the trial court. The husband made no appearance in the appeal. We concur with the trial court's conclusion that the parties' agreement concerning child support imposed an undue burden upon the husband considering his income and other circumstances. An award of $115 per month per child appears reasonable. In dividing the property the trial court apparently attempted to accomplish an equal division. Considering the disparity in earning capacity, though not in actual earnings, between the parties, their age, the length of the marriage and their agreement, we conclude that the trial court should have approved the division of property agreement which gave the wife the larger share of the property. The provision in the decree giving the husband a 40 percent interest in the residence is deleted.

Affirmed as modified. No costs to either party.

**THORNTON, P. J.,** dissenting.

I would affirm the decision of the trial judge.